**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LAKESHIA THOMPSON**, an Individual, | § § § | |
| **Plaintiff,** | § § | |
| **vs.** | § § § | **CAUSE NO.** _____ |
| **DALLAS FIRST PRESBYTERIAN CHURCH DEVELOPMENTAL DAY SCHOOL,** | § § § § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Lakeshia Thompson files this Original Complaint and, in support thereof, respectfully states:

### I.    PARTIES

1.    Plaintiff Lakeshia Thompson ("Thompson" or "Plaintiff") is a citizen of the State of Texas.

2.    Defendant Dallas First Presbyterian Church Developmental Day School ("Defendant") is a not-for-profit corporation organized under the laws of the state of Texas with its principal place of business in Dallas, Dallas County, Texas.

### II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this case because Plaintiff has asserted claims under federal law, specifically 29 U.S.C. § 201 *et seq*., and 42 U.S.C. § 2000gg *et seq.*

4.    Venue properly lies in this Court because the events and omissions giving rise to Plaintiff's claim (specifically Plaintiff's performance of her employment obligations) occurred in Dallas, Dallas County, Texas, which is in the District and Division in which suit has been filed.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                 **PAGE 1**

III.    COVERAGE

5.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 203(d).

6.    At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.SC. § 203(r).

7.    At all times hereinafter mentioned, Plaintiff was an employee who was engaged in commerce as required by 29 U.S.C. §§ 206-207.

IV.    FACTUAL BACKGROUND

8.    Plaintiff was employed by Defendant as a Lead Teacher at its preschool in Dallas, Texas.

9.    On July 7, 2023, Plaintiff took leave under the Family and Medical Leave Act ("FMLA") following the birth of her son.

10.    Plaintiff returned to work part time in October 2023 and returned to work full time in March 2024.

11.    Upon her return, Plaintiff requested that she receive reasonable accommodations so that she could pump breast milk for her infant son.  Specifically, once she returned to work full time, Plaintiff needed two breaks per day to express breastmilk.  Defendant allowed Plaintiff only one such thirty-minute break per day.  Plaintiff was expected to use her one-hour lunch break as her second break.  These time periods were insufficient for Plaintiff to complete the pump cycle, clean her equipment, and store her expressed milk.

12.    Moreover, Defendant often interfered with Plaintiff's ability to take her pump breaks.  Often, as soon as Plaintiff left on her break or announced her intention to take her break, Defendant would begin calling Plaintiff over the school's walkie talkie system, demanding to

**PLAINTIFF'S ORIGINAL COMPLAINT**    **PAGE 2**

know where she was and when she would be returning from her break.  Plaintiff frequently felt compelled to cut her break short because of these intrusions.

13.     During this period, Defendant regularly held lunch meetings and required Plaintiff and other staff attend.  Defendant required its employees to clock out for these meetings, even though employees were required to attend the meetings.  Plaintiff complained to Human Resources about being required to work off the clock but received no response.

14.     Shortly thereafter, in Summer 2024, Plaintiff worked as a co-teacher in the STEAM[1] summer room.  Plaintiff and the lead teacher, Keithara Baker, took the children in their classroom to the third-floor library so that their children, who were too old to nap, would not disturb the other napping children at the school.  Defendant's rules required Plaintiff and Baker to notify everyone over the walkie talkie system that they were moving their students, but this rule had rarely been enforced.  When management learned Plaintiff and Baker had moved the students without notification, it counseled and reprimanded both Plaintiff and Baker, then terminated Plaintiff only.  Defendant did not terminate Baker for the same infraction.

15.     After Plaintiff's termination, she notified both the church pastor and the Board of Directors that employees were required to clock out for lunch meetings; thereafter, a Human Resources representative attended one of these lunch meetings and informed the staff that they should not have been required to clock out.

V.      <u>STATEMENT OF CLAIMS</u>

***Failure to Accommodate in Violation of the Pregnant Workers Fairness Act***

16.     Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 15 hereinabove.

---

[1] Science, Technology, Engineering, Arts & Mathematics

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **PAGE 3**

17.     At all relevant times, Plaintiff was a qualified employee covered by the Pregnant Workers Fairness Act ("PWFA").

18.     Defendant violated the PWFA by failing to make reasonable accommodations for Plaintiff's need to express breastmilk during work hours and by taking adverse action in the terms, conditions, or privileges of Plaintiff's employment.

### *Retaliation under the Fair Labor Standards Act*

19.     Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 15 hereinabove.

20.     During the relevant period, Defendant failed to pay Plaintiff and other employees for work performed in violation of the Fair Labor Standards Act ("FLSA").

21.     Plaintiff complained to both Human Resources and the Board of Directors about this practice.

22.     Shortly thereafter, Defendant terminated Plaintiff's employment in retaliation for complaining about Defendant's illegal practice.

## VI.     JURY TRIAL DEMAND

23.     Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

## VII.     REMEDIES

Wherefore, Plaintiff prays that the Court grant her the following relief:

a. Back pay and front pay in an amount to be determined by the jury;

b. Liquidated damages, in an amount to be determined by the jury;

c. Actual damages;

d. Punitive damages;

**PLAINTIFF'S ORIGINAL COMPLAINT**                                        **PAGE 4**

e.  Restitution or such other relief to make whole Plaintiff;

f.  Prejudgment and post-judgment interest;

g.  Reasonable attorneys' fees, expenses and costs of the action; and

h.  Such other legal and equitable relief as the Court shall deem just and proper.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM PC**
8080 North Central Expressway, Suite 1700
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(214) 443-7861 (Facsimile)

Of Counsel:

**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln, Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By:  _____
Elizabeth Aten Lamberson
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF
LAKESHIA THOMPSON**